**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00567 JSW |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| SHAUN D. ROBERTS, | |
| Defendant. | |

On October 4, 2010, Shaun D. Roberts ("Roberts") filed a motion to vacate his sentence in this case, pursuant to 28 U.S.C. § 2255. (Docket No. 129.) On that same date, he filed a request to file a delayed brief, on the basis that he is in a special housing unit and does not have access to the law library. (Docket No. 130.) On November 2, 2010, the Court granted Roberts' request for an extension and directed him to file an amended motion by no later than December 9, 2010. The Court has received Roberts' amended motion under Section 2255, in which he claims that he is entitled to relief on the basis that: (1) this Court did not provide notice that it might impose a sentence above the range provided by the United States Sentencing Guidelines; (2) the sentence imposed was unreasonable; and (3) trial counsel failed to object to the determination that Roberts qualified as a "career offender."

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief*, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255. Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

Roberts raised the first two claims on direct appeal, and the Ninth Circuit has affirmed this Court's decision. *See United States v. Roberts*, 2009 WL 166491 (9th Cir. Jan. 26, 2009). Claims presented and rejected on direct appeal may not be litigated again in a Section 2255 motion. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999) (appellate court decision rejecting claim was binding on court considering § 2255 motion). Accordingly, the Court finds that Roberts is not entitled to relief on those claims, and the motion is denied in part on that basis.

Roberts also, however, contends that his counsel was ineffective for failing to object to his status as a career offender. Liberally construed, this claim appears potentially colorable under Section 2255 and merits an answer from the Government.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the motion and all attachments thereto upon the Office of the United States Attorney. The clerk shall also serve a copy of this order on Roberts.

2. Respondent shall file with the court and serve on Roberts, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause, on the limited issue set forth above, why the Court should not " vacate, set aside or correct the sentence" being served by Roberts.

3. If Roberts wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: December 20, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

v.

ROBERTS et al,

        Defendant.
                                       /

Case Number: CR05-00567 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shaun Roberts
#93235-111
USP Canaan
PO Box 300
Waymart, PA 18472

Dated: December 20, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk